UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT PARIS,

        Petitioner,                                  Case Number 11-15162

v.                                                          Honorable David M. Lawson

STEVE RIVARD,

        Respondent.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

This matter is before the Court on the petitioner's motion for reconsideration of the Court's January 14, 2013 order denying his motion to supplement the record. The petitioner contends that the Court abused its discretion by refusing to allow him to supplement the record to support claims raised in the petition that were not previously exhausted in state court. He also appears to argue that the claims which he wants to add new evidence in support of were presented to the state courts, and that he therefore has properly exhausted them.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). "Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3).

Here the plaintiff seeks merely to relitigate the same issues that were already presented to and decided by the Court. In its prior order, the Court enumerated the claims that were the subject

of the petitioner's motion to supplement the record as follows: (1) petitioner's trial attorney was ineffective by failing to investigate whether any of the officers who handcuffed him shot their guns and failing to make a motion of acquittal during trial; (2) the trial court erred by instructing the jury that it could convict the petitioner without finding that he had a specific intent to kill two of the victims; (3) the prosecutor committed misconduct by presenting false testimony and by failing to disclose evidence that only one gun was fired; (4) the introduction of character evidence was prejudicial error, and the state court's opinion conflicts with certain Supreme Court decisions on sentencing; and (5) there was insufficient evidence at trial to support a finding that the petitioner assaulted two of the victims with intent to murder them. As the Court noted in its prior order, and as the opinion of the Michigan Court of Appeals that the petitioner attached to his present motion shows, the petitioner has not properly presented these claims, other than the last, to the state courts. And the last claim for insufficiency of the evidence is by definition concerned only with the record of the evidence before the trial court, which has already been provided to the Court by the respondent's filing of Rule 5 materials. The petitioner suggests no factual or legal basis for the Court to reconsider its conclusions on these points, and he has not identified any palpable defect in either the factual record or the legal authority relied upon by the Court in its prior order.

Accordingly, it is **ORDERED** that the plaintiff's motion for reconsideration [dkt. #13, 14] is **DENIED**.

                                                  s/David M. Lawson  
                                                  DAVID M. LAWSON  
                                                  United States District Judge

Dated: February 22, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 22, 2013.

        s/Deborah R. Tofil
        DEBORAH R. TOFIL